# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RICHARD SINGLETON,

        Petitioner,    :    Case No. 1:23-cv-425

- vs -    District Judge Susan J. Dlott
    Magistrate Judge Michael R. Merz

MICHAEL DeMARTINO, Acting Warden,
London Correctional Institution,

    :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus action, brought pursuant to 28 U.S.C. § 2254 by Petitioner Richard Singleton with the assistance of counsel, is before the Court for decision on the merits. Relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 6) and the Return of Writ (ECF No. 7). Although the Court set a date for Petitioner to file a reply, the deadline has passed and no reply has been filed.

**Litigation History**

Petitioner Richard Singleton was indicted by a Hamilton County grand jury on February 19, 2018, on two counts of rape in violation of Ohio Rev. Code § 2907.02(A)(2); six counts of kidnapping in violation of Ohio Rev. Code § 2907.01(A)(2), 2907.01(B)(2) and 2907.01(A)(2); one count of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1); three counts of

1

robbery in violation of Ohio Rev. Code § 2911.02(A)(2) and 2911.02(A)(3); one count of attempted rape in violation of Ohio Rev. Code § 2923.02(A); one count of attempted kidnapping in violation of Ohio Rev. Code § 2923.02(A); one count of aggravated burglary in violation of Ohio Rev. Code § 2911.11(A)(1); and one count of burglary in violation of Ohio Rev. Code § 2911.12(A)(1). Counts 1-6 included both firearm specifications and sexually violent offender specifications, counts 7-10 included only firearm specifications, and counts 11-12 included only sexually violent offender specifications. (Indictment, State Court Record, ECF No. 6, Exhibit 1; Case No. B 1901030).

Prior to trial Singleton received two evaluations of his competency to stand trial and one evaluation of his competency to waive *Miranda* warnings. All evaluators found him competent and the trial judge accepted those evaluations. On the second day of a bench trial, Singleton accepted a plea agreement and pleaded guilty to two counts of rape, one count of aggravated robbery, and one count of aggravated burglary with the accompanying firearm specification and an agreed cumulative sentence of forty-five years. The trial judge accepted the plea agreement and imposed the agreed sentence.

Singleton appealed to the First District Court of Appeals which affirmed. *State v. Singleton,* 2021-Ohio-4271 (Ohio App. 1st Dist. Dec. 8, 2021). The Ohio Supreme Court declined to exercise further appellate jurisdiction. *State v. Singleton*, 166 Ohio St. 3d 1467 (Apr. 22, 2022). Assisted by counsel he then filed his Petition in this Court. pleading the following grounds for relief:

> **GROUND 1:** The Petitioner's due process rights were violated as his competency to enter a plea was not clearly established.
>
> **Supporting Facts:** In a competency evaluation, it was found that the Petitioner "seemed overwhelmed with his current situation, and

>had difficulty putting his thoughts and feelings into words. \*\*\* Overall the defendant presented as an immature individual with limited cognitive ability who was mostly naïve to the criminal justice system." Another report stated "it is likely that as legal proceedings move forward his defense counsel will need to provide him some additional education to ensure that he understands legal proceedings and terminology." No additional support was provided during plea proceedings.
>
>**GROUND 2:** The Petitioner's right to freedom from cruel and unusual punishment was violated when he was sentenced as a typical offender despite the presence of mitigating factors regarding culpability.
>
>**Supporting Facts:** As put forth in Ground One, the Petitioner suffered from reduced competency. This factor was not considered in the issuing of his sentence.

(Petition ECF No. 1, Page *Id.* 6-8).

## Analysis

**Ground One:  Competency to Plead**

In his First Ground for Relief, Singleton argues his competency to plead guilty was not "clearly established."

A person who is mentally incompetent may not be tried for a crime so long as the incompetence continues. *Bishop v. United States*, 350 U.S. 961(1956). This fundamental right, now protected by the Due Process Clause of the Fourteenth Amendment, has firm roots in the common law. *Drope v. Missouri*, 420 U.S. 162, 171 (1975), citing 4 Blackstone, Commentaries 24. To protect this right, a State must adopt and observe adequate procedures for determining whether a person is competent to stand trial. *Pate v. Robinson*, 383 U.S. 375 (1966). It is not unconstitutional to presume competence, as Ohio law does, and to place the burden of proving incompetence on a criminal defendant. *Medina v. California*, 505 U. S. 437(1992). A

3

determination of competence is a factual finding to which deference must be paid in habeas proceedings. *Filiaggi v. Bagley*, 445 F.3d 851 (6th Cir. 2006), *citing Thompson v. Keohane,* 516 U.S. 99, 110-11 (1995).

The standard for competency to stand trial is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402(1960). Ohio law in effect embodies this standard in different language at Ohio Revised Code § 2945.37(A):

> A defendant is presumed competent to stand trial, unless it is proved by a preponderance of the evidence in a hearing under this section that because of his present mental condition he is incapable of understanding the nature and objective of the proceedings against him or of presently assisting in his defense.

"[W]here there is substantial evidence of a defendant's incompetence at the time of trial, a trial judge has the duty to order a hearing *sua sponte*." *Stewart v. Morgan,* 232 Fed. Appx. 482; 2007 U.S. App. LEXIS 11804 (6th Cir. 2007), *quoting Pate v. Smith*, 637 F.2d 1068 (6th Cir. 1981). Here the trial judge ordered not one but two evaluations of competency, both of which found Singleton competent.

A defendant's competence to stand trial is a question of fact. *Thompson v. Keohane*, 516 U.S. 99, 110-11 (1995); *Harries v. Bell*, 417 F.3d 631, 635 (6th Cir. 2005). To succeed on his habeas claim, therefore, a habeas petitioner must demonstrate that the state courts' denial of the claim was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[s]." 28 U.S.C. § 2254(d)(2). "[R]egardless of whether [a federal court] would reach a different conclusion were [it] reviewing the case *de novo*, the findings of the state court must be upheld unless there is clear and convincing evidence to the contrary." *Clark v.*

4

*O'Dea*, 257 F.3d 498, 506 (6th Cir. 2001).

The Sixth Circuit set forth the standard of review under § 2254(d)(2) in *Franklin v. Bradshaw*, 695 F.3d 439 (6th Cir. 2011):

> A state-court determination of competence is a factual finding, to which deference must be paid. *Thompson v. Keohane*, 516 U.S. 99, 108-11, 116 S. Ct. 457, 133 L. Ed. 2d 383 (1995). "[R]egardless of whether we would reach a different conclusion were we reviewing the case *de novo*, the findings of the state court must be upheld unless there is clear and convincing evidence to the contrary." *Clark v. O'Dea*, 257 F.3d 498, 506 (6th Cir. 2001) (applying 28 U.S.C. § 2254(e)(1)); *see also Wood v. Allen*, 558 U.S. 290, 130 S. Ct. 841, 849, 175 L. Ed. 2d 738 (2010) (stating that as for 28 U.S.C. § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance"). And that deference must be paid even to state-court factual findings made on appeal. *See Rushen v. Spain*, 464 U.S. 114, 120, 104 S. Ct. 453, 78 L. Ed. 2d 267 (1983); *Sumner v. Mata*, 449 U.S. 539, 546-47, 101 S. Ct. 764, 66 L. Ed. 2d 722 (1981). "Further, the Supreme Court has very recently made abundantly clear that the review granted by AEDPA is even more constricted than AEDPA's plain language already suggests." *Peak v. Webb*, 673 F.3d 465, 472 (6th Cir. 2012). "[S]o long as fairminded jurists could disagree on the correctness of the state court's decision," relief is precluded under AEDPA. *Harrington v. Richter*, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011) (internal quotation marks omitted).

In this case the trial court determined Singleton was competent to stand trial on the basis of stipulated competency reports as to which no contrary evidence was offered. The First District Court of Appeals accepted that finding and Singleton has provided no basis for overturning that conclusion. Indeed, given the state of the evidence, a finding by the First District that Singleton was not competent would be an unreasonable determination of the facts on the basis of the evidence presented.

Ground One for relief is without merit and should be dismissed with prejudice.

**Ground Two: Cruel and Unusual Punishment**

In his Second Ground for Relief, Singleton claims his right not to be subjected to cruel and unusual punishment was violated by imposition of the sentence he received. He does not dispute that there were four separate victims and that he possessed a firearm during each offense. Nor does he deny that, with the advice of counsel, he agreed to the sentence that was imposed as part of the plea agreement. Finally, he does not claim that the sentences he received would be disproportionate for a "typical offender" who committed these four crimes. Rather he asserts he was constitutionally entitled to have his own 'reduced competency' taken into account in sentencing.

Singleton presented this claim as his Sixth Assignment of Error on direct appeal and the First District decided it as follows:

> {¶[39]} In his sixth assignment of error, Singleton contends his sentences amount to cruel and unusual punishment. He argues his "lack of intellect and lack of a prior record" called for leniency.
>
> {¶[40]} As discussed under the fifth assignment of error, the trial court imposed the jointly-recommended sentences and the sentences were authorized by law. Pursuant to R.C. 2953.08(D)(1), the sentences are not subject to review. The sixth assignment of error is overruled.

*State v. Singleton, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams*

6

*(Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

In this case the First District essentially decided Singleton had waived any constitutional claim of cruel and unusual punishment by agreeing to the sentence imposed, given that the sentence was within limits allowed by Ohio law. Singleton has presented no argument that this decision is an unreasonable application of any holding of the United States Supreme Court. No relevant precedent is known to the Magistrate Judge. Ohio Revised Code § 2953.08 advances the important state interest in the finality of criminal convictions and the Court has generally taken a hands-off position with respect to state court sentencing. See, e.g., *Oregon v. Ice*, 555 U.S. 160 (2009). The precedent relied on by Singleton in his Memorandum in Support speaks to juvenile offenders and not to adults who may have lower intelligence quotients. What the Supreme Court might do in a case such as this is insufficient to justify habeas relief; only established precedent at the time the offenses were committed "counts" as authorizing habeas relief.

**Evidentiary Hearing**

In lieu of relief on the basis of the pleadings, "[a]t a bare minimum, the Petitioner requests that an evidentiary hearing be held on these issues so that he may provide evidence in support of these meritorious issues." (Petition, ECF No. 1-1, PageID 17). In fact, he claims he is entitled to a hearing under *Townsend v. Sain*, 372 U.S. 293, 312 (1963). However, *Townsend* has been superseded by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). As to the merits of the case, Petitioner is limited to the record

7

made in the state courts.  *Cullen v. Pinholster,* 563 U.S. 170 (2011); *Shinn v. Ramirez*, 596 U.S. ___, 142 S.Ct. 2037 (2022).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 8, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
